IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LORENZO SANCHEZ LEON

Plaintiff

vs.                                                                    CIVIL 98-1062CCC

HECTOR L. COLON -MENDOZA, in his
personal capacity and as Mayor of the
Municipality of Guayama; EDUARDO E.
CINTRON SUAREZ, in his personal
capacity and as Director of Human
Resources of the Municipality of
Guayama; the MUNICIPALITY OF
GUAYAMA; PERSONEL
ADMINISTRATION SYSTEM APPEAL
BOARD AND ITS BOARD MEMBERS
HON. MIGUEL ROSARIO-REYES AND
ROSA PACHECO-FONTAN

Defendants

OPINION AND ORDER

Presently before the Court is a Motion for Summary Judgment pursuant to Rule 56 Fed.R.Civ.P. filed by the defendants (docket entry 60) and opposed by the plaintiff (docket entry 62). Since this dispositive motion was untimely filed, movants were advised that it would not be entertained except for that portion raising qualified immunity (docket entry 61). Defendants Héctor L. Colón and Eduardo E. Cintrón claim they are entitled to qualified immunity while plaintiff asserts that their refusal to summon his

CIVIL 98-1062CCC                    2

witnesses, allow him to be assisted by counsel and entertain his request for recusal constitute a violation of the Due Process Clause.

After careful consideration of the allegations and memoranda submitted by the parties, the Court finds that defendants' Motion for Summary Judgment must be granted as to the qualified immunity request.

**BACKGROUND**

Plaintiff Lorenzo Sánchez-León worked as an ambulance driver for the Municipality of Guayama for a period of nine years. On March 25, 1997, claimant was given written notification of a series of charges filed against him, to wit, failure to observe adequate and correct behavior at the work place (Puerto Rico Laws Ann., Title 21 §4561(a)(2); failure to efficiently and diligently perform the duties assigned to his position (Puerto Rico Laws Ann., Title 21 §4561(a)(3); and failure to comply with the orders given by his superiors (Puerto Rico Laws Ann., Title 21 §4561(a)(4). He was also notified that a pre-termination hearing would be held on April 1, 1997.

On March 27, 1997 claimant sent a letter to co-defendant Eduardo Cintrón requesting that the municipality summon his witnesses, that he be

**CIVIL 98-1062CCC**                3

allowed to be assisted by counsel at the pre-termination hearing and Mr. Cintrón recuse himself. None of these requests were granted. Although claimant was afforded an opportunity to challenge the charges brought against him, he chose not to offer or give his own version of the facts.

On August 6, 1997 plaintiff was discharged. The notice advised him of his right to appeal the dismissal to the Board of Appeals of the Personnel Administration System.

Plaintiff contends that defendants' actions violated his Fourteenth Amendment right to due process of law by denying him assistance of counsel, the presentation of witnesses at the pre-termination hearing and by disregarding the request for the recusal of Eduardo Cintrón.

DISCUSSION

As a general rule, government officials performing discretionary functions are shielded from liability for civil damages as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. <u>Mariani-Girón v. Acevedo Ruiz</u>, 877 F.2d 1114,1116 (1st Cir. 1989). Under this analysis the

**CIVIL 98-1062CCC** 4

trial court's inquiry centers on the reasonableness of the official's actions at the time in which the alleged violation occurred. <u>Anderson v. Creighton</u>, 483 U.S. 639, 107 S.Ct. 3034, 3038 (1987) ("somewhat more concretely, whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the "objective legal reasonableness" of the action).[1]

Once a request for qualified immunity is challenged, the trial court must determine whether the statute or the constitutional provision allegedly violated by the government official was clearly established at the time the alleged violation occurred. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). <u>See also</u> <u>Dominique v. Telb</u>, 831 F.2d 673, 676 (6th Cir. 1987). In passing upon a request for qualified immunity the Court is mindful of the Supreme Court's observation in <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) where at footnote number five the Court held that: "the better approach to resolving

---

[1]<u>See also</u> <u>Mariani Girón, supra</u>, at 1116 holding that "A court must look to the objective legal reasonableness of an official's conduct, as measured by reference to clearly established law, to determine whether the doctrine of qualified immunity applies."

**CIVIL 98-1062CCC** 5

cases in which the defense of qualified immunity is raised is to determine first whether the plaintiff has alleged a deprivation of a constitutional right at all. Normally, it is only then that a court should ask whether the right allegedly implicated was clearly established at the time of the events in question." See also. Siegert v. Gilley, 500 U.S. 226, 232, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991).

The Municipal Personnel System Act[2] governs the employment relationship between municipalities and its employees. Under the terms of the Act, career employees may only be separated from their positions when charges are brought against them and just cause exists. Puerto Rico Laws Ann., Title 21 §4562(a). Before separation occurs certain procedural steps must be afforded to the affected party, to wit, (a) the charges must be notified in writing to the employee with a list of the facts that support the proposed disciplinary action; (b) the laws, ordinances, rules and norms that have allegedly been violated by the employee must be included in the written notice; and (c) a pre-termination informal hearing in which the

---

[2] Laws Puerto Rico Ann. Title 21 §4551 et seq.

**CIVIL 98-1062CCC**                           6

employee is given the opportunity to state his version of facts. Puerto Rico Laws Ann., Title 21 §4562(b). If the nominating authority, after the preliminary hearing, upholds its decision to dismiss the municipal career employee, he must be advised in writing of the right to appeal the decision before the Personnel Administration System's Board of Appeals. Puerto Rico Laws Ann., Title 21 §4562(c).

In <u>Torres Solano v. Puerto Rico Telephone Company</u>, 127 D.P.R. 499 (1990), the Puerto Rico Supreme Court established the basic components that the pre-termination hearing must meet in order to comply with due process of law requirements. The <u>Torres</u> court commenced by specifically holding that the informal hearing need not be complicated, extensive or formal. <u>Id</u>. at 527. The employee need only be given an opportunity to explain personally or in writing why he/she believes that he/she should not be disciplined. <u>Id</u>. This principle was reiterated by the Supreme Court in <u>Union Independiente de Empleados de la Autoridad de Edificios Públicos v. Autoridad de Edificios Públicos</u>, 98 T.S.P.R. 177. After reciting the rights to

**CIVIL 98-1062CCC**  7

which an employee is entitled at the informal pre-termination hearing,[3] the Court held that an employee is not entitled to: (a) discovery of evidence; (b) a formal hearing; or (c) a right to confront the totality of the evidence in possession of the employer, unless these procedural safeguards are established in either the agency's by-laws or in its organic act. **Id.**

Having reviewed the constitutional and statutory principles that governed the pre-termination hearing, the Court finds that defendants' actions complied with the above-stated principles. None of the acts committed by defendants prior to and during the pre-termination hearing constitute a violation of either the due process clause or other prevailing legal provisions. Plaintiff did not have a right to be assisted by counsel or to present witnesses on his behalf at the informal hearing. However, claimant did have an absolute prerogative to either verbally or in written form offer his version as to the facts underlying the municipality's disciplinary action. Plaintiff's requests were more analogous to a formal

---

[3] According to the Union court at the informal hearing the employee must be given: (1) notification of the administrative charges brought against him/her (2) a description of the evidence in the employer's possession (3) an opportunity to express his/her version of the facts. (Translation ours.)

AO 72A
(Rev.8/82)

**CIVIL 98-1062CCC**                                8

hearing to which he clearly had no constitutional right.

Moreover, the Court finds that plaintiff was afforded all the rights to which he was entitled during the pre-termination hearing. He received written notice of the charges, the notification specifically stated the norms allegedly violated by him and he was afforded an opportunity to offer his version of the facts. We conclude that there was no violation of either the Municipal Personnel System Act or the Due Process Clause and that defendants Eduardo Cintrón and Héctor L. Colón are entitled to qualified immunity.

In view of the foregoing the Motion for Summary Judgment (docket entry 60) is hereby GRANTED. Partial Judgment to be entered.

**SO ORDERED**

At San Juan, Puerto Rico, on January 18, 2000.

**CARMEN CONSUELO CEREZO**
**United States District Judge**